IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Quanteny Antonio McConnell, ) | C/A No. 0:23-cv-02391-MGL-MHC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| The City of York, Lt. Timothy Dover, ) | |
| Jacob Goforth, and Wes Burrell, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff, proceeding pro se and in forma pauperis, brought this action seeking relief pursuant to Title 42, United States Code, Section 1983. Under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

By Order dated August 30, 2023 ("Address Order"), Plaintiff was specifically "ordered to always keep the Clerk of Court advised **in writing** . . . if [his] address changes for any reason." ECF No. 5 at 7 (emphasis in original). The Address Order also warned Plaintiff of the following: "If as a result of your failure to comply with this Order, you fail to meet a deadline set by this court, **your case may be dismissed for violating this Order**." *Id.* (emphasis in original). The Address Order was mailed to Plaintiff on August 31, 2023. *See* ECF No. 7. Plaintiff subsequently filed various motions and an Amended Complaint on the docket between September 2023 and March 2024. *See, e.g.*, ECF Nos. 8, 13, 22. However, Plaintiff has not filed any documents with the Court since March 2024. *See generally* docket.

Plaintiff's address of record is the York County Detention Center. *See id.* On June 20, 2024, Defendants filed evidence indicating that Plaintiff was released from the York County Detention Center after he posted bond on June 12, 2024. *See* ECF No. 31-2 at 6. Plaintiff has not notified the

clerk of court of any change to his address.

On June 27, 2024, Defendants filed a Motion for Summary Judgment, seeking dismissal of this case. ECF No. 32. Because Plaintiff is proceeding pro se, the Court issued an order on June 28, 2024, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the dismissal procedures and the possible consequences if he failed to adequately respond to Defendants' Motion. ECF No. 34. Plaintiff was specifically advised that if he failed to respond adequately, Defendants' Motion may be granted, thereby ending his case. *Id.* The deadline for Plaintiff to file a response to the Motion was July 29, 2024. *Id.*

The Court's docket indicates that, on June 28, 2024, the clerk mailed the *Roseboro* Order to the address on file for Plaintiff, which is the York County Detention Center (the "Detention Center"), as well as to the alternative address in Fort Mill that Plaintiff listed on his initial Complaint. ECF No. 35; *see also* ECF No. 1 at 15. The *Roseboro* Order that was sent to Plaintiff at the Detention Center was returned as undeliverable on July 10, 2024. ECF No. 40. However, the *Roseboro* Order mailed to Plaintiff's alternative address in Fort Mill has not been returned to the Court. *See generally* docket.

Federal courts have the inherent power to dismiss an action, either *sua sponte* or on a party's motion, for failure to prosecute. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–32 (1962) (explaining that the "power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."); *see also* Fed. R. Civ. P. 41(b). In considering whether to dismiss a case for failure to prosecute, a district court should consider the following four criteria: "(1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused the defendant, (3) the existence of 'a drawn out history of deliberately proceeding in a dilatory fashion,' and (4) the existence of a sanction less drastic than dismissal." *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982) (quoting *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978)).

Notwithstanding the specific warning and instructions as set forth in the Court's Address Order, ECF No. 5, Plaintiff failed to update the Court with his new address. As a result, the Court does not have any means of contacting Plaintiff concerning his case. Further, Plaintiff has failed to respond to the Motion for Summary Judgment or to otherwise contact the Court in any way since March 2024.

Based on the foregoing, and the previous instructions and specific warnings given to Plaintiff in the Address Order and the *Roseboro* Order, the undersigned finds that Plaintiff meets the criteria for dismissal under *Lopez*.[1]  Accordingly, it is **RECOMMENDED** that this action be **DISMISSED** for lack of prosecution. *See Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b); *see also Coker v. Int'l Paper Co.*, No. 08-1865, 2010 WL 1072643, at *2 (D.S.C. Mar. 18, 2010) (noting that a plaintiff can abandon claims by failing to address them in response to a dispositive motion); *Jones v. Family Health Ctr., Inc.*, 323 F. Supp. 2d 681, 690 (D.S.C. 2003) (noting that a claim not addressed in opposition memorandum had been abandoned).

**The Clerk shall mail this Report and Recommendation to Plaintiff at both his address of record (the Detention Center) and the alternative Fort Mill address listed on his initial Complaint (*see* ECF No. 1 at 15). If the Plaintiff provides a current address and files a response to the Motion for Summary Judgment within the time set forth for filing objections to this Report and Recommendation, the Clerk is directed to vacate this Report and Recommendation and return this file to the undersigned for further handling.**

---

[1] Plaintiff is personally responsible for proceeding in a dilatory fashion; Defendants are suffering prejudice because of having to expend time and resources on a case in which Plaintiff is unresponsive; no sanctions other than dismissal appear to exist as the Plaintiff is indigent (and therefore not subject to monetary sanctions); and Plaintiff has otherwise failed to respond to Court filings and to maintain a current mailing address, despite Court orders requiring him to do so. *Lopez*, 669 F.2d at 920.

If, however, no updated address or response to the Motion is filed, the Clerk shall forward this Report and Recommendation to the District Judge for disposition. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (Magistrate Judge's prior explicit warning that a recommendation of dismissal would result from plaintiff failing to obey his order was proper grounds for the district court to dismiss suit when plaintiff did not comply despite warning).[2]

It is so **RECOMMENDED**.

The parties are referred to the Notice Page attached hereto.

August 22, 2024
Charleston, South Carolina

Molly H. Cherry
United States Magistrate Judge

---

[2] After a litigant has received one explicit warning as to the consequences of failing to timely comply with an order of a Magistrate Judge, and has failed to respond to that order, the district court may, under Fed. R. Civ. P. 41(b), dismiss the complaint based upon the litigant's failure to comply with that court order. *See Simpson v. Welch*, 900 F.2d 33, 35–36 (4th Cir. 1990); *Ballard*, 882 F.2d at 95–96 (holding that district court's dismissal following an explicit and reasonable warning was not an abuse of discretion).

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).